## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 4:25-CR-110** |
| | ) | |
| **BERNADEL JUNIOR SEMEXANT** | ) | |
| | ) | |

## MOTION FOR DETENTION

Now comes the United States of America, by and through Margaret E. Heap, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and moves for the Court to detain Defendant, Bernadel Semexant, under 18 U.S.C. §§ 3142(e) and (f). No condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. For the reasons outlined below, the defendant should be detained

### I.   Procedural History

 On May 8, 2025, a federal grand jury returned an five-count, multidefendant indictment, charging the defendant, Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b), Sexual Abuse of a Minor in violation of 18 U.S.C. § 2243(a), Transfer of Obscene Material to a Minor in violation of 18 U.S.C. § 1470, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The maximum penalties for these offenses are as follows:

- Enticement of a Minor to Engage in Sexual Activity – not less than 10 and up to life imprisonment, up to a $250,000 fine; and not less than 5 years of supervised release.

- Sexual Abuse of a Minor – up to 15 years of imprisonment, up to a $250,000 fine; and not less than 5 years of supervised release.

- Transfer of Obscene Material to a Minor – up to 10 years of imprisonment, up to a $250,000 fine; and not less than 3 years of supervised release.

- Receipt of Child Pornography – up to 20 years of imprisonment, up to a $250,000 fine; and not less than 5 years of supervised release.

- Possession of Child Pornography are up to 20 years of imprisonment, up to a $250,000 fine; and not less than 5 years of supervised release.

Each count also requires registration as a sex offender and mandatory restitution. On September 10, 2025, the Federal Bureau of Investigation arrested Defendant in pursuant to a federal arrest warrant.

II.    **Facts**

On September 7, 2024, Hinesville Police Department was notified of an anonymous complaint that a pastor with the House of Prayer Christian Church (HOPCC), Defendant Bernadel Semexant had engaged in a sexual relationship with an underage parishioner, identified in the indictment as MV1.  HOPCC has numerous locations throughout the United States including in the following areas: Hephzibah, Georgia; Hinesville, Georgia; Savannah, Georgia; Fayetteville, North

Carolina; Tacoma, Washington; Waco, Texas; and Clarksville, Tennessee; among others. The investigation revealed that Defendant had previously served HOPCC in Texas before coming to SDGA.

Initial investigation determined Defendant was acting as both a pastor and teacher at the Hinesville, Georgia location of the church wherein he taught minors Haitian-Creole. Initial investigation also revealed that MV1 and Semexant had a close relationship. During this period, MV1 and her mother consented to a search of her phone wherein detectives discovered text messages in which MV1 and Defendant called each other "Babe."

On September 12, 2024, HPD also conducted an initial interview of Defendant during which he admitted to having a sexual relationship with MV1 at least as early as March 2024 when MV1 was 15 years old.   Defendant also having sex with MV1 in his car in the parking lot of the Fort Steward Education Center, stating they kissed and felt each other's bodies before MV1 performed oral sex on him, and he performed oral sex on her.   Defendant also admitted to having unprotected intercourse with MV1.   Defendant indicated he and MV1 continued to meet at both the Education Center at Fort Stewart and other locations off post, including the Liberty County Performing Arts Center, and continued to engage in oral sex and sexual intercourse throughout the spring and summer of 2024 before MV1 turned 16.   Defendant also admitted to soliciting and receiving pictures and videos from MV1, and to sending MV1 pictures and videos of himself masturbating.   He claimed to have deleted these from his phone prior to speaking with police.

Following this interview, Defendant showed investigators where he parked his car at the Education Center when they had sex.  Investigators also identified several electronic devices attributed to the Defendant, and Defendant provided consent and passwords to access his Apple iPhone and watch.  Later, police secured a search warrant for both Defendant's and MV1's devices prior to conducting a full search.

Review of these devices revealed over 150,000 communications between November 2023 and September 2024.  Generally, the communications could be described as grooming – beginning with Defendant creating a bond with MV1 until in or around January/February 2024 when the texts begin to become overtly sexual. At that point, Defendant begins to describe in detail the types of sexual acts he wants to do with MV1.   In March 2024, during a long series of messages for example, Defendant fantasized about getting caught by his wife engaged in sexual acts with MV1 and texted:

A. March 23, 2024, 10:31pm – Calling her on the phone while we having sex and hearing you moan...

B. March 23, 2024, 10:46pm – Or maybe no talking at all... she just hear the sound of your butt smacking against my hips while you bent over.

As the conversation continues, he describes his car bouncing and windows being fogged up as she walks up to the vehicle and sees him having sex with MV1.  In other conversations, he describes in detail sexual acts he wants to perform and describes MV1 as his lover.

4

The device reviews support that MV1 and Defendant met for sex at the Education Center on Fort Steward within a few days of these texts messages, most likely on or about March 25, 2025. Agents found both Defendant's and MV1's phones contained two screenshots of a google maps search showing a map of the Education Center Parking lot. One of the shots is an overall with the parking area circling in blue and can associate them with a text message series between MV1 and Defendant in which he states, "I'm coming" and says he is passing a grocery store on March 25, 2025. Following the March encounter, the Defendant continued texting MV1 sexual messages and discussed meeting up additional times for sex. On April 13, 2024, Defendant, for example tells MV1 he wants to take her to the "same spot on post."

Their communications establish Defendant requests photographs from MV1 and that they were sending and receiving photographs as well. During the device review, investigators recovered several photographs of MV1 on Defendant's device depicting CSAM, descriptions of which will be provided at the detention hearing. In addition, an image of Defendant, recovered on MV1's device and apparently sent by Defendant, depicts Defendant exposing his erect penis to the camera.

At the time of all this conduct, Defendant was approximately 34 years old and MV1 was 15 years old.

## III.  **Detention Argument**

Defendant is eligible for detention because the case involves charges for which the maximum penalty is life imprisonment under 18 U.S.C. §§ 3142(f)(1)(B) and

because these charges lay out offenses involving a minor victim under 18 U.S.C. §§ 3142(f)(1)(D). Because there is probable cause to establish the case involves a minor victim in Counts One, Four, and Five; there is also a presumption that Defendant presents both a flight risk and a serious risk that he will obstruct or attempt to obstruct justice; threaten, injury, intimidate a witness or juror, or attempt to under 18 U.S.C. §§ 3142(f)(2)(A) and (B). Defendant will not be able to rebut the presumption. Furthermore, Defendant's position of trust within HOPCC, the recent indictment of many of its leadership, and the fact that Defendant is facing a significant period of incarceration, further establish his risk of flight and risk to the community.

Although Defendant has no criminal history, he abused and utilized this fact. He obtained a position of trust with HOPCC – where he served as a pastor and teacher of young women – and used that position to sexually abuse one of the students. Despite his lack of criminal past, Defendant's offense conduct occurred over a year, repeatedly, and escalated quickly over that time frame. It was not an isolated incident or simply a mistake. It was a methodical pattern of behavior aimed at obtaining compliance from a minor in his charge and care to engage in sexually explicit conduct for his own sexual gratification. Defendant's acts resulted in a pattern of sexual abuse that included texts, photographs, videos, and eventual sexual acts requested, fantasized about, and carried out for Defendant's desires. For this and other reasons which the government will more fully articulate at the hearing, the Government requests the Court detain Defendant as there are no conditions of

release which will reasonably assure, pursuant to 18 USC 3142(f), Defendant's appearance as required or guarantee the safety of any other person and the community.

WHEREFORE, the government respectfully submits that its motion for the defendant's pretrial detention should be granted.

Respectfully submitted this 10th day of September 2025.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Frank M. Pennington, II***
Frank M. Pennington, II
Assistant United States Attorney
Georgia Bar No. 141419

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422