**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 4:25CR110** |
| | ) | |
| **BERNADEL SEMEXANT** | ) | **HEARING REQUESTED** |
| **Defendant** | ) | |

## DEFENDANT'S MOTION FOR JACKSON v. DENNO HEARING

COMES NOW BERNADEL SEMEXANT, Defendant in the above-styled matter, and through his attorney of record hereby files this Motion for *Jackson v. Denno* Hearing, showing this Honorable Court as follows:

### BACKGROUND

On September 4, 2025, Defendant was indicted by a federal grand jury and charged with, among other things, Enticement of a Minor to Engage in Sexual Activity (Doc. 3). Defendant had his Initial Appearance on September 11, 2025, and his Detention Hearing was conducted on September 18, 2025 (Doc. 20). On that date, the Magistrate Judge entered an Order for Detention (Doc. 21). Defendant is currently being housed in the Emanuel County Detention Center in Swainsboro, Georgia.

Although Defendant has requested his complete discovery from the Government on several occasions, counsel has not been able to locate the interview conducted by law enforcement of the Defendant upon his arrest. These materials show as "redacted" in the Government's discovery disclosure, and thus counsel is somewhat limited in this Motion. However, counsel does know that an interview and the accompanying statement from Defendant do exist, and because the statement was not made freely and voluntarily, Defendant requests that

that this Court conduct a hearing pursuant to the decision in <u>Jackson v. Denno</u>, 378 U.S. 368 (1964).

## **ARGUMENT**

The Government will attempt to introduce into evidence at trial oral and/or written statements made by the Defendant to the arresting officer while in custody. Those statements which may incriminate the Defendant were made in the absence of counsel after the Defendant unequivocally invoked his right to counsel in violation of *Miranda v. Arizona* and *McDougal v. State*, 277 Ga. 493 (2004). Furthermore, those statements were made with the "hope of benefit" because police officers implied to the Defendant that if he confessed, he would be given leniency.

Before any statement can be used against an accused in a criminal case, the burden is on the Government to prove that the statement has been freely and voluntarily given. *Jackson v. Denno*. Statements which were obtained in violation of *Jackson v. Denno* are subject to suppression.

(Space Intentionally Left Blank)

2

**CONCLUSION**

THEREFORE, Defendant respectfully requests that this Honorable Court grant him a hearing pursuant to *Jackson v. Denno* prior to the trial of his case.

Respectfully submitted this 21st day of April, 2026.

_____
W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this day I have served counsel for all parties with a copy of the foregoing pleading by filing through the CM/ECF system.

This 21st day of April, 2026.

W. Joseph Turner
Attorney for Defendant
State Bar No.: 513605

The Turner Firm, LLC
Attorneys at Law
104 W. State Street, Suite 230
Post Office Box 8905
Savannah, GA 31412
T: (912) 226-7662
F: (912) 226-7664

4